IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAQUESHA COLEMAN,<br><br>             Plaintiff,<br><br>  vs.<br><br>DEPARTMENT OF CHILDREN AND<br>FAMILY SERVICES,<br><br>             Defendant.<br>                                     / | CASE NO. CV F 06-1785 AWI LJO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |

**INTRODUCTION**

Plaintiff Laquesha Coleman ("plaintiff") proceeds pro se and in forma pauperis and on December 11, 2006, filed a complaint ("complaint") to name as defendant the Department of Children and Family Services ("defendant"). The complaint appears to take issue with November 27, 2000 detention of plaintiff's children arising from plaintiff's "extensive history of domestic violence" and exposure of plaintiff's children to "this domestic violence." The complaint requests "defendant to stop detention of her minors" and monetary relief.

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

1

may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

This Court shall dismiss an in forma pauperis plaintiff's case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements

made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The complaint reflects deficiencies to prevent plaintiff from offering evidence to proceed on the complaint's indecipherable claims.

## Subject Matter Jurisdiction Deficiencies

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

1  . . .
2  (e) Pleading to be Concise and Direct; Consistency.
3  (1) Each averment of a pleading shall be simple, concise and direct.

The complaint alleges neither grounds for nor facts to support this Court's jurisdiction. The complaint reveals no grounds to properly invoke this Court's jurisdiction.

### Pleading Deficiencies

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

The complaint makes indecipherable references to detention of plaintiff's minor children and alleges no specific claims against defendant. The complaint fails to provide fair notice and to state facts to support elements of particular claims. The complaint seeks unclear relief.

### Section 1983 Deficiencies

The complaint is unclear whether it attempts to pursue claims under 42 U.S.C. § 1983 ("section 1983") which provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights,

privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) by plaintiff against defendant. The complaint fails to allege that defendant acted under color of state law. The complaint points to no constitutional right of which defendant deprived plaintiff.

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendant and to articulate how defendant deprived plaintiff of constitutional rights and resulting harm.

### **Deficiencies In *Monell* Claims**

To the extent plaintiff seeks to pursue a section 1983 claim, the complaint fails to allege a *Monell* claim against defendant. A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell*, 436 U.S. at 691, 98 S.Ct. 2018; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirements." *Thompson*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decisionmaker – i.e., an official who 'possesses final authority to establish [local government] policy with respect to the [challenged] action.'" *Thompson*, 885 F.2d at 1443 (quoting *Pembaur*, 475 U.S. at 481, 106 S.Ct. at 1299 (plurality opinion)). "Only if a plaintiff shows that his injury resulted from a

'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson*, 885 F.2d at 1444.

"[O]fficial policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018); *see Rizzo*, 423 U.S. at 370-377, 96 S.Ct. 598 (general allegation of administrative negligence fails to state a constitutional claim cognizable under section 1983).

The complaint lacks allegations of a policy or custom and resulting constitutional violation to set forth a *Monell* claim and to further warrant dismissal of the complaint.

## Statutes Of Limitations

The complaint is subject to limitations defenses in that it addresses alleged wrongs committed in 2000. To the extent plaintiff attempts to proceed under section 1983, federal courts borrow for section 1983 claims the statute of limitations applicable to personal injury claims in the forum state. *See Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985). Applying state law (Cal. Code Civ. Proc., § 340(3) in effect at the time in question), claims brought under section 1983 and which arise in California are generally barred if not brought within one year from the date they accrue. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990); *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993); *Donoghue v. County of Orange*, 828 F.2d 1432, 1436 (9th Cir. 1987).

Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir. 1997)); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Tworivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

The complaint reflects that plaintiff knew or had reason to know of alleged injury as early as

2000 when her children were detained. In light of such allegations, plaintiff's claims accrued more than a year prior to filing her complaint.

**Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendant. Such attempt to vex provides further grounds to dismiss this action.

**RECOMMENDATION AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that: (1) the complaint fails to establish this Court's subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief may be granted; (3) the complaint is time-barred; and (4) a further attempt at amendment is unwarranted based on the complaint's deficiencies and apparent attempt to vex defendant.

These findings and recommendations are submitted to the United States district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than December 28, 2006, plaintiff may file written objections to these findings and recommendations with the Court and in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district court will then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c). Plaintiff is admonished that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished that this Court will strike any papers to attempt to file an amended complaint unless this Court specifically grants plaintiff permission to file an amended complaint.**

IT IS SO ORDERED.

**Dated:   December 13, 2006**          /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE